No. 25-3134

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

MICHAEL ERWINE,

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA, et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Nevada

No. 3:24-cv-00054

Hon. Judge Miranda Du

APPELLANT'S OPENING BRIEF

Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

## DISCLOSURE STATEMENT

Appellant Michael Erwine is an individual and not a nongovernmental corporate entity; thus, no Disclosure Statement is required under FRAP 26.1(a).

Date: Jul 21, 2025

<u>By: /s/ Luke Busby, Esq.</u>
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukeandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. STATEMENT OF JURISDICTION ........................................... 2

A. Jurisdiction of the District Court ……….......................................... 2

B. Jurisdiction of the United States Court of Appeals ...................................... 3

III. STATUTORY AUTHORITIES ….................................................. 3

IV. ISSUES PRESENTED .................................................................. 3

V. STATEMENT OF THE CASE …..................................................... 3

VI. SUMMARY OF THE ARGUMENT ............................................. 8

VII. STANDARD OF REVIEW ……….................................................. 9

VIII. ARGUMENT …………………........................................................ 9

A. Erwine's Form 95 Satisfied the FTCA's Exhaustion Requirement ........... 11

B. Dismissal was Inconsistent Longstanding Treatment of FTCA Exhaustion in the 9th Circuit ........................................................................ 17

C. The District Court Erred in Denying Plaintiff's Motion to Alter or Amend the Dismissal Order ...................................................................... 19

D. The Court's Reliance on Brown Was Misplaced ....................................... 20

IX. CONCLUSION ……….................................................................... 22

Statement of Related Cases Pursuant to Circuit Rule 28-2.6 ........................... 23

Certificate of Compliance for Briefs ……….................................................... 24

CERTIFICATE OF SERVICE ……......................................................... 25

ADDENDUM ……….......................................................................... 26

# TABLE OF AUTHORITIES

## CASES

*Avery v. United States,*
    680 F.2d 608 (9th Cir. 1982) ........................ 7, 8, 9, 10, 11, 14, 17, 18, 19

*Bourg v. United States,*
    2024 U.S. Dist. LEXIS 206414 (E.D. Wash. 2024) .............................. 17

*Brown v. Kinross Gold, U.S.A.,*
    378 F. Supp. 2d 1280 (D. Nev. 2005) ........................................... 1, 20, 21

*Ceballos v. NP Palace, LLC,*
    138 Nev. Adv. Op. 58, 514 P.3d 1074 (2022) ………….................... 13

*Connell v. Lima Corp.,*
    988 F.3d 1089 (9th Cir. 2021) ………...................................... 9

*Dembeck-Weiss v. United States,*
    2007 U.S. Dist. LEXIS 40445 (D. Md. 2007) ………....................... 18

*Doe v. Holy See,*
    557 F.3d 1066 (9th Cir. 2009) ………................................... 8

*Gault v. United States,*
    2021 U.S. Dist. LEXIS 191181 (C.D. Cal. 2021) ................................... 17

*Goodman v. United States,*
    298 F.3d 1048 (9th Cir. 2002) ................... 7, 8, 10, 11, 14, 17, 19, 20, 21

*Hanford Downwinders Coal. v. Dowdle,*
    71 F.3d 1469 (9th Cir. 1995) ..................................................... 8

*Jervies v. United States,*
    966 F.2d 517 (9th Cir. 1992) ........................................................... 2, 9

*K Mart Corp. v. Ponsock,*
   103 Nev. 39, 732 P.2d 1364 (1987) ....................................................... 12

*Martin v. Sears, Roebuck & Co.,*
   111 Nev. 923, 899 P.2d 551 (1995) ....................................................... 12

*McQuillion v. Duncan,*
   342 F.3d 1012 (9th Cir. 2003) ................................................................. 9

*Miller v. United States, No.*
   3:17-cv-00121-MMD-WGC, 2018 U.S. Dist. LEXIS 42645 (D. Nev.
   2018) ............................................................................................... 18, 19

*Olivero v. Lowe,*
   116 Nev. 395, 995 P.2d 1023 (2000) ..................................................... 14

*Piccinini v. United States,*
   2018 U.S. Dist. LEXIS 71947 (D. Nev. 2018) ....................................... 17

*Rooney v. United States,*
   634 F.2d 1238 (9th Cir. 1980) ............................................................... 16

*Shipek v. United States,*
   752 F.2d 1352 (9th Cir. 1985) .................................................... 11, 12, 16

*Taylor v. United States,*
   2024 U.S. Dist. LEXIS 215137 (D.S.C. 2024) ....................................... 18

*Urizar-Mota v. United States,*
   556 F. Supp. 3d 64 (D.R.I. 2021) .......................................................... 18

*Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.,*
   724 F.2d 776 (9th Cir. 1984) ..................................................... 9, 15, 16

## STATUTES

28 U.S.C. § 1291 ................................................................... 2

28 U.S.C. § 1331 ................................................................... 2

28 U.S.C. § 1294(1) .............................................................. 3

28 U.S.C. § 1346(b)(1) ....................................................... 2, 9

28 U.S.C. § 2401(b) ............................................................. 26

28 U.S.C. § 2672 ................................................................ 25

28 U.S.C. § 2674 ............................................... 1, 3, 8, 9, 19, 20

28 U.S.C. § 2675(a) ...................................................... 10, 11, 17

28 U.S.C. § 2677 ................................................................ 27

28 U.S.C. § 2679 ......................................... 1, 3, 9, 15, 22

P.L. 93-638 ....................................................................... 15

## RULES

Fed. R. Civ. P. 12(b)(1) ......................................................... 8

Fed. R. Civ. P. 4(d)(4) ......................................................... 28

Fed. R. App. P. 4(a)(1)(A) ................................................... 4, 9

Fed. R. Civ. P. 59(e) ................................................. 7, 8, 19, 20

Circuit Rule 28-2.6 ............................................................. 23

P.L. 93-638 ....................................................................... 15

# I. INTRODUCTION

This appeal challenges the District Court's dismissal of Plaintiff-Appellant Michael Erwine's Federal Tort Claims Act (FTCA) claims against the United States for lack of subject matter jurisdiction, based on a misapplication of the FTCA's administrative exhaustion requirement.

Through the FTCA, the United States waives sovereign immunity for claims arising from tortious conduct by federal employees acting within their scope of employment, provided administrative remedies are exhausted. 28 U.S.C. § 2674, 2679(b)(1).

On November 6, 2024, the District Court granted the United States' Motion to Dismiss, holding that Erwine's Standard Form 95, which listed his termination as his injury, lacked sufficient detail to exhaust administrative remedies because it does not mention tortious or bad faith discharge and does not expressly mention that Erwine was fired for failure to follow unlawful orders (ER-44).

The District Court reaffirmed this error by denying Erwine's Motion to Alter or Amend, citing *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005), to dismiss his arguments as repetitive (ER-5). Erwine's Form 95 provided sufficient notice under the FTCA's minimal standard, as it

stated Erwine was terminated and included a "Facts" section (ER-94-97) stating that the tribe lacked grounds to justify termination, enabling the United States to investigate the facts and circumstances surrounding his termination. This satisfies the FTCA's minimal requirements.

The dismissal, finalized when Judgment was entered on April 23, 2025 (ER-4), barred Erwine's claims against the United States. The District Court's requirement for specific legal theories contravenes the FTCA's lenient standard. This Court should reverse the judgment, vacate the dismissal, and remand for further proceedings.

## II. STATEMENT OF JURISDICTION

### A. Jurisdiction of the District Court

The District Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), as Erwine's claims under the FTCA raised federal questions regarding tortious conduct by federal employees or agents acting within their scope of employment, and 28 U.S.C. § 1346(b)(1), which grants federal courts exclusive jurisdiction over claims against the United States for such torts. *Jervies v. United States*, 966 F.2d 517, 518 (9th Cir. 1992).

### B. Jurisdiction of the United States Court of Appeals

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291,

as the appeal is from the Judgment of the District Court entered on April 23, 2025, disposing of all claims against the United States (ER- 004), and 28 U.S.C. § 1294(1). Erwine filed a timely notice of appeal on May 12, 2025 (ER-247), within 30 days of the Judgment (ER-4), pursuant to Federal Rule of Appellate Procedure (FRAP) 4(a)(1)(A).

## III. STATUTORY AUTHORITIES

Relevant statutory authority, 28 U.S.C. § 2679, appears in the Addendum to this brief.

## IV. ISSUES PRESENTED

(1) Whether the District Court erred in granting the United States' Motion to Dismiss Erwine's amended complaint by finding that his Standard Form 95 failed to exhaust administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2674; and

(2) Whether the District Court erred in denying Erwine's Motion to Alter or Amend the dismissal order, which argued that the court misapplied the FTCA's exhaustion requirements.

## V. STATEMENT OF THE CASE

On January 25, 2024, Erwine filed a Complaint in the United States District Court for the District of Nevada, alleging tortious discharge (ER-230)

under the FTCA against the United States for wrongful acts by federal employees or agents (ER-195).

Erwine filed an Amended Complaint on May 20, 2024 (ER-124), which included his tortious discharge claim (ER-169), but included an additional claim for bad faith discharge claim (ER-171).

Erwine's claims against the United States arose from his termination from the Washoe Tribe Police Department on March 4, 2022, which he alleged constituted wrongful termination, based on his refusal to wrongfully arrest a DUI suspect (See Amended Complaint at ER-171), and bad faith discharge, due to the allegations that Erwine was discharged in violation of the terms of his employment contract with the Washoe Tribe, which provided "a strict and comprehensive disciplinary process and the Washoe Tribe could only terminate Erwine in accordance with these policies and procedures" (Amended Complaint at ER-172).

Erwine's claim against the United States arises because the Washoe Tribal police are federal employees or agents acting under a Compact of Self-Governance of the Washoe Tribe of California and Nevada with the United States (ER-116).

The United States is liable for these claims under the FTCA, because the

Washoe Tribe's police department operated under federal oversight through the Bureau of Indian Affairs, and the alleged tortious conduct—wrongful termination and bad faith discharge—was committed by federal employees or agents acting within their scope of employment (ER-129).

On April 24, 2023, within the required two-year time limitations period, Erwine submitted a Standard Form 95 to the United States Department of the Interior (ER-94-97). In his Form 95, Erwine stated:

> Erwine was a tenured/ non-probationary employee and was subject to the Tribe's disciplinary procedural due process protections, which Erwine did not receive. Erwine filed numerous grievances according to the policies and procedures of the tribe and was denied any due process.

ER-94.

Erwine's Form 95 also included a "Facts" section noting that "Erwine had not have been found to have committed any misconduct which would warrant termination under the Tribe's policies" (ER-96) and that when Erwine was fired, "Chief Westbrook gave plaintiff his "Personnel file" which contained new charges of dishonestly from Sergeant Hall and Chief Westbrook that were never previously addressed with the Plaintiff" (ER-94).

The Department of the Interior's October 26, 2023 denial of Erwine's FTCA claim, clearly demonstrates that the agency understood the claim

involved the facts and circumstances surrounding Erwine's termination (ER-243). The denial letter explicitly acknowledges that the claim arises from Erwine's termination and was reviewed under the FTCA for alleged negligent or wrongful acts by federal employees:

> According to the Standard Form 95, ***this claim arises from the termination of Claimant from his position as a police officer*** with the Washoe Tribe of Nevada and California on March 4, 2022.

ER - 042-043 [***emphasis added***].

After the agency denied his claim, on January 25, 2024, Erwine filed a Complaint in the District Court (ER-195). Erwine then filed an Amended Complaint on May 20, 2024 (ER-124), pleading his FTCA claims of wrongful termination and bad faith discharge torts against the United States (ER-169 and ER 171).

On June 3, 2024, the United States moved to dismiss, arguing that Erwine's Form 95 was insufficiently detailed to exhaust administrative remedies (ER-81). Erwine opposed, asserting that his Form 95 provided sufficient notice of his injury for investigation, consistent with the FTCA's lenient standard for presenting a claim (ER-58), and the United States replied (ER-48).

On November 6, 2024, the District Court granted the United States'

motion to dismiss Erwine's FTCA claims, finding that Erwine failed to properly exhaust administrative remedies. The District Court held that Erwine's Form 95 did not sufficiently describe the injuries underlying his tortious or bad faith discharge claims, as it only alleged due process violations without mentioning tortious or bad faith discharge or that Erwine was fired for refusing to follow unlawful orders. (ER-44, ER-47).

On November 11, 2024, Erwine filed a motion to alter or amend the court's November 6, 2024 order under Rule 59(e) (ER-33), arguing that the court erred by imposing a notice requirement beyond the minimal standard established by *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002), and *Avery v. United States*, 680 F.2d 608, 610–11 (9th Cir. 1982), and by imposing new requirements for the contents of a Form 95 beyond what the extensive case law surrounding the adequacy of a Form 95 provides.

The District Court denied the Motion to Alter or Amend on March 13, 2025 (ER-5).

On April 23, 2025, the court entered Judgment for the United States (ER-4).

Erwine filed a timely notice of appeal on May 12, 2025 (ER-247).

## VI. SUMMARY OF THE ARGUMENT

The District Court erred in dismissing Erwine's Amended Complaint, as his Standard Form 95 satisfied the FTCA's exhaustion requirement under 28 U.S.C. § 2674 by providing sufficient notice of an injury for investigation, as supported by *Avery*, 680 F.2d at 610–11, and *Goodman*, 298 F.3d at 1055. The District Court's holding that the Form 95 was inadequate because it "does not mention tortious or bad faith discharge and does not mention that Erwine was fired for failure to follow unlawful orders" (ER-46) misapplied the FTCA's lenient exhaustion standard, requiring only notice of an injury and a sum certain, not specific facts that are elements of claims later brought at law.

## VII. STANDARD OF REVIEW

Dismissals under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction are reviewed de novo, assuming the plaintiff's factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). This Court reviews *de novo* a District Court's determination of failure to exhaust administrative remedies. *Hanford Downwinders Coal. v. Dowdle,* 71 F.3d 1469, 1475 (9th Cir. 1995); *Avery v. United States*, 680 F.2d 608, 611 (9th Cir. 1982).

The denial of a Rule 59(e) motion to alter or amend is reviewed for abuse

of discretion, *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003).

Questions of statutory interpretation are reviewed *de novo*. *Connell v. Lima Corp.*, 988 F.3d 1089, 1093 (9th Cir. 2021).

Erwine timely filed his appeal on May 12, 2025 pursuant to Federal Rule of Appellate Procedure 4(a)(1) (ER-246).

## VIII. ARGUMENT

The FTCA waives sovereign immunity for claims against the United States arising from negligent or wrongful conduct by federal employees acting within their scope of employment, provided administrative remedies are exhausted. 28 U.S.C. §§ 1346(b)(1), 2674, 2679(b)(1); *Jervies v. United States*, 966 F.2d 517, 518 (9th Cir. 1992).

A claim under the FTCA is presented when a plaintiff files a written statement describing the injury to enable agency investigation and a sum certain damages claim. *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (*en banc*). "Minimal notice requires claimants to (1) give an agency sufficient written notice to commence investigation and (2) place a value on the claim." *Warren,* 724 F.2d at 779, citing *Avery*, 680 F.2d at 610.

Erwine's Form 95, timely submitted following his termination, provided

sufficient written notice to the United States of his "injury," i.e. his termination, as required by 28 U.S.C. § 2675(a). Specifically, the Form 95 states: (1) "From the beginning of Erwine's employment until his termination, Erwine had not have been found to have committed any misconduct which would warrant termination under the Tribe's policies" (ER-97), indicating no basis for his dismissal; (2) "Chief Westbrook gave plaintiff his 'Personnel file' which contained new charges of dishonesty from Sergeant Hall and Chief Westbrook that were never previously addressed with the Plaintiff" (ER-96), revealing undisclosed allegations; and (3) "Before Defendants discharge of Erwine, he was not notified of all of his charges of misconduct. He was denied a hearing and given no meaningful opportunity to be heard" (ER-97). These statements, combined with a sum certain damages claim, sufficiently notified the United States of tort claims, such as wrongful termination and bad faith discharge, enabling agency investigation and satisfying the FTCA's administrative presentment requirements. The District Court's holding that the Form 95 was inadequate imposed a heightened standard inconsistent with the FTCA's lenient notice requirement, as articulated in *Avery*, 680 F.2d at 610–11, and *Goodman*, 298 F.3d at 1055.

### A. Erwine's Form 95 Satisfied the FTCA's Exhaustion Requirement

The FTCA's exhaustion requirement is met when a claimant provides minimal information describing the "injury" to enable agency investigation. *Shipek v. United States*, 752 F.2d 1352, 1354 (9th Cir. 1985).

Erwine's Form 95 satisfied this standard, as it stated he was terminated and included a "Facts" section noting that "from the beginning of Erwine's employment until his termination, Erwine had not have been found to have committed any misconduct which would warrant termination under the Tribe's policies" and that he was "denied a hearing and given no meaningful opportunity to be heard" (ER-92). These statements provided "sufficient facts to 'enable the agency to begin its own investigation,' which is all that *Goodman* requires" (ER-92, citing *Goodman*, 298 F.3d at 1055). The Ninth Circuit in *Goodman* held that "the notice requirement under section 2675 is minimal, and a plaintiff's administrative claims are sufficient even if a separate basis of liability arising out of the same incident is pled in federal court." Goodman, 298 F.3d at 1055. Similarly, *Avery* held that a "skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices" to meet § 2675(a). *Avery*, 680 F.2d at 611.

The District Court's holding that Erwine's Form 95 was inadequate

because it "does not mention tortious or bad faith discharge and does not mention that Erwine was fired for failure to follow unlawful orders" (ER-46) misapplied this lenient standard. The FTCA does not require specific legal theories or claims, only a basic description of the injury, in this case termination.

In *K Mart Corp. v. Ponsock*, 103 Nev. 39, 732 P.2d 1364, 1367 (1987), Nevada Supreme Court has recognized that termination of a tenured employee to prevent the vesting of his retirement benefits constituted a bad faith discharge. The Nevada Supreme Court emphasized that the employer failed to provide the agreed-upon due process procedural protections, such as assistance, correction notices, and a finding of continued unacceptable performance, as outlined in the employment contract and that this lack of procedural protections, combined with the improper motive of defeating contractual retirement benefits, gave rise to tort liability for bad faith discharge. *K Mart Corp.*, 732 P.2d 1364, 1370 (1987). Erwine's Form 95 contained elements of a bad faith discharge claim, which is a tort under Nevada Law, under *Martin v. Sears, Roebuck & Co.*, 111 Nev. 923, 929, 899 P.2d 551, 555 (1995), by describing: (1) an enforceable employment contract, implied through adherence to Tribal policies (ER-096, ER-097); (2) a special relationship of trust and reliance, which can be

inferred from his role as a police officer under U.S.-supervised Tribal employment (ER-97); and (3) malicious or oppressive conduct, evidenced by undisclosed dishonesty charges, denial of a hearing, and obstruction of grievance rights (ER-96–97), warranting tort damages. These facts, combined with a sum certain damages claim, provided sufficient notice to the United States to begin its investigation into a bad faith discharge claim under the FTCA.

Moreover, Erwine's Form 95 supplied the minimal notice required to trigger the agency's investigation into his injury, supporting a tortious discharge claim as well, as recognized in *Ceballos v. NP Palace, LLC*, 138 Nev. Adv. Op. 58, 514 P.3d 1074, 1078 (2022). Erwine's Form 95 details that he was denied the due process protections guaranteed to him as a non-probationary employee, and that "new charges of dishonesty" were leveled that were never previously addressed (ER-96), while affirming that he "had not been found to have committed any misconduct which would warrant termination under the Tribe's policies" (ER-97)—facts that invite scrutiny into the bad-faith grounds for his firing, bolstered by the termination paperwork itself, which documented Erwine's refusal to make an improper DUI arrest (ER-99–115), and by the denial of any hearing or grievance process (ER-96–97). Together, these

elements furnished the United States with ample factual predicate to probe the full circumstances of Erwine's termination, as the agency in fact did by reviewing and denying his claim.

Further, on page one of the injury box of Erwine's Form 95, he describes his injury as "intentional infliction of emotional distress," (ER - 46) another separate tort recognized under Nevada law (*Olivero v. Lowe*, 116 Nev. 395, 398, 995 P.2d 1023, 1025 (2000)), providing sufficient notice for investigation of an explicitly described tort involving Erwine's termination.

*Goodman* and *Avery* confirm that the Form 95 need not articulate tortious or bad faith discharge or specific reasons like failure to follow unlawful orders, as long as it provides a description of the injury sufficient to initiate investigation. *Goodman*, 298 F.3d at 1055; *Avery*, 680 F.2d at 610–11.

The "Facts" section of Erwine's Standard Form 95 (ER-96) provided a sufficient description of his injury, i.e. the circumstances surrounding his wrongful termination. Additionally, although Erwine did not submit the termination paperwork along with his Form 95, this documentation noted his alleged refusal to make a DUI arrest and other alleged misconduct (ER-99– 115), and demonstrates that the United States was aware of the facts and circumstances surrounding Erwine's termination during its investigation.

*Opening Brief* - 14

Erwine's Form 95 provided notice to the United States of the injury

(termination) and its potential liability as the employer with oversight

responsibilities under the P.L. 93-638 self-determination contract. These

materials enabled the agency to investigate the circumstances of Erwine's

injury, i.e. his termination, including whether federal employees acted tortiously

within the scope of their duties under 28 U.S.C. § 2679(b)(1), satisfying the

FTCA's administrative presentment requirements as articulated in *Warren v.*

*U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir.

1984).

In its Motion to Dismiss (ER - 0081) the United States argued that

Erwine's Form 95 was inadequate as follows:

> Rather than presenting to the agency an administrative
> claim asserting torts based on the reasons for his firing,
> Erwine presented an administrative claim asserting that he
> was not afforded federal due process rights in the lead up to
> his firing. That is a different claim with a different source
> of rights. Any alleged violation of the Constitution or other
> federal law is not cognizable under the FTCA.
> Additionally, Erwine's factual allegations, the referenced
> documents, and the context here fail to establish plausible
> claims of tortious discharge and bad faith discharge of
> employment (sixth and seventh claims for relief), which are
> the only claims directed at the United States.

ER - 92.

However, this was a red herring that the District Court accepted in its

Order dismissing Erwine's claims (ER-46). Erwine's Form 95 never mentions federal or constitutional due process rights, but rather states Erwine "was a tenured/non-probationary employee and was subject to the Tribe's disciplinary procedural due process protections, which Erwine did not receive" (ER-94).

Further, Erwine was not required to state a plausible claim by name in his Form 95. This Court has been clear that a claim need not specify legal theories, only description of an injury sufficient to initiate an investigation. *Shipek*, 752 F.2d at 1355–56; *Warren,* 724 F.2d at 780. The District Court's acceptance of the United States' position ignored the plain notice of his injury, i.e. his termination. This Court has been consistent and clear on this point for decades. *Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir. 1980)("The Government would have us also require a claimant to state his legal theory for recovery. This we cannot do.")

> By denying appellants' claims on the merits, the BLM demonstrated that they had sufficient notice to initiate investigation. The agency's actions are persuasive evidence that the jurisdictional requirement of minimal notice was satisfied.

*Warren*, 724 F.2d at 779.

Applying this holding from *Warren*, the statement of the Department of the Interior's denial of Erwine's claim on October 26, 2023 stating that his

*Opening Brief* - 16

claim was based on his termination shows it understood the injury being claimed was Erwine's termination (ER-244).

Further, in *Goodman*, this Court held that a plaintiff may pursue claims later in federal court not articulated in a submitted Form 95 that arise from the same incident, in this case, Erwine's termination, even if not explicitly stated:

> Furthermore, the notice requirement under section 2675 is minimal, and ***a plaintiff's administrative claims are sufficient even if a separate basis of liability arising out of the same incident is pled in federal court***.

*Goodman*, 298 F.3d at 1055 [***emphasis added***].

## B. Dismissal was Inconsistent Longstanding Treatment of FTCA Exhaustion in the 9th Circuit

Other district courts in the 9th Circuit uniformly interpret the exhaustion requirement under the FTCA to not require specific claims. The District Court's dismissal of Erwine's case is a clear aberration: In *Bourg v. United States*, 2024 U.S. Dist. LEXIS 206414, at *7–8 (E.D. Wash. Nov. 13, 2024), the court held a Standard Form 95 alleging a delay in treatment sufficed for medical negligence claims without naming specific employees; Similarly, *Piccinini v. United States*, 2018 U.S. Dist. LEXIS 71947, at *6–7 (D. Nev. Apr. 30, 2018), upheld negligence and nuisance claims based on a claim describing fire damage, without requiring those legal theories; *Gault v. United States*, 2021 U.S. Dist.

LEXIS 191181, at *18–19 (C.D. Cal. Sept. 9, 2021), found claims about VA police encounters sufficient for a claim for intentional infliction of emotional distress without specific theories. Likewise, *Dembeck-Weiss v. United States*, 2007 U.S. Dist. LEXIS 40445, at *18–19 (D. Md. May 21, 2007), held a Standard Form 95 alleging MRI delays met presentment requirements for a survival action. Application in other District Courts outside the 9th Circuit follow this same standard: *Urizar-Mota v. United States*, 556 F. Supp. 3d 64, 67–68 (D.R.I. Aug. 16, 2021), found a letter detailing medical negligence sufficient for other claims not specified in a Form 95, and *Taylor v. United States*, 2024 U.S. Dist. LEXIS 215137, at *17–19 (D.S.C. Nov. 26, 2024), upheld a negligence claim based on a Standard Form 95 alleging wrongful arrest.

Further, the dismissal of Erwine's FTCA claims for failing to specify tortious or bad faith discharge theories of liability or a specific allegation for failure to follow unlawful orders in his Standard Form 95 (ER-44) is inconsistent with its prior ruling in *Miller v. United States*, No. 3:17-cv-00121-MMD-WGC, 2018 U.S. Dist. LEXIS 42645, at *4–5 (D. Nev. Mar. 15, 2018) (ER-21), where the same court found a nearly identical Form 95 sufficient to exhaust wrongful discharge claims (See Miller's Form 95 at ER - 27-29). In

*Miller,* the court held that the plaintiff's Form 95, alleging termination for an ethics violation, denial of due process, and failure to investigate per department policies, encompassed wrongful discharge claims without requiring specific legal theories. *Id.* Erwine's Form 95, similarly alleging termination without prior misconduct or a hearing (ER-92), provided notice sufficient for the agency to begin its investigation into the facts and circumstances surrounding his termination.

### C. The District Court Erred in Denying Plaintiff's Motion to Alter or Amend the Dismissal Order

The District Court's denial of Erwine's Rule 59(e) Motion to Alter or Amend was an abuse of discretion, as its exhaustion ruling was a clear error. Rule 59(e) motions correct clear legal errors. Erwine's Motion to Alter or Amend asserted that the court erred by holding that his Form 95 was inadequate because it "does not mention tortious or bad faith discharge and does not mention that Erwine was fired for failure to follow unlawful orders" (ER-46). He argued that § 2674 requires only a basic description, which his Form 95 provided (ER-29). *Goodman* and *Avery* confirm that a skeletal claim suffices. *Goodman*, 298 F.3d at 1055; *Avery*, 680 F.2d at 611.

### *D. The Court's Reliance on Brown Was Misplaced*

The District Court's reliance on *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005), to deny Erwine's Rule 59(e) motion was misplaced, as Erwine's motion challenged an error in the District Court's application of the FTCA's exhaustion requirement under 28 U.S.C. § 2674, not a re-litigation of substantive issues (ER-8). In *Brown*, the District Court held that "…[r]econsideration of a prior ruling is appropriate only in limited circumstances, such as the discovery of new evidence, an intervening change in controlling law, or where the initial decision was clearly erroneous or manifestly unjust," and that a "…motion for reconsideration is not an avenue to relitigate the same issues and arguments upon which the court already has ruled." *Brown*, 378 F. Supp. 2d at 1288.

Erwine's motion addressed a distinct issue—the court's erroneous imposition of a heightened notice standard, which required only minimal notice as established by *Goodman*, 298 F.3d at 1055, and *Avery*, 680 F.2d at 610–11 (ER-29). The United States' contention, accepted by the District Court in ruling on Erwine's Motion, that Erwine merely rehashed prior arguments (ER-77), mischaracterizes his Motion, which specifically challenged the District Court's misstep in holding that his Form 95 was inadequate. The District Court's failure

to engage with this distinction constituted an abuse of discretion, as Erwine's motion sought correction of a clear error, a basis for reconsideration expressly permitted by *Brown*. *Brown*, 378 F. Supp. 2d at 1288.

Erwine's motion did not seek to relitigate the substantive merits of his tort claims but instead argued that the District Court's ruling violated the FTCA's lenient standard, which requires only a "skeletal claim" to enable the agency to begin its investigation. *Avery*, 680 F.2d at 611; *Goodman*, 298 F.3d at 1055 (ER-29). The Form 95's "Facts" section, stating that "from the beginning of Erwine's employment until his termination, Erwine had not have been found to have committed any misconduct which would warrant termination under the Tribe's policies" (ER-97) and that he was "Chief Westbrook gave plaintiff his 'Personnel file' which contained new charges of dishonesty from Sergeant Hall and Chief Westbrook that were never previously addressed with the Plaintiff," (ER-96) and the specific mention of Intentional Infliction of Emotional Distress (ER-94) as an "injury," provided sufficient notice for the agency to begin its investigation, which the facts demonstrate it did do in denying Erwine's claim (ER-244).

## IX. CONCLUSION

For the foregoing reasons, the judgment of the District Court should be reversed, the dismissal of Erwine's amended complaint vacated, and the case remanded for further proceedings consistent with the FTCA, 28 U.S.C. §§ 2674, 2679(b)(1).

Date: Jul 21, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail:
luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are: Case Number: 25-3136, Erwine v. United States of America

Relationship: This case is related to the pending appeal in Ninth Circuit Case No. 25-3136 as both arise from the same underlying dispute involving Michael Erwine's alleged wrongful termination by the Washoe Tribe, operating under a Bureau of Indian Affairs contract. In Case No. 25-3136, Erwine appeals the District Court's dismissal of his Federal Tort Claims Act claims against the United States for tortious and bad faith discharge, focusing on whether his Form 95 adequately notified the Department of the Interior of his claims. In Case No. 25-3136, Erwine challenges the dismissal of claims against individual defendants Zachary Westbrook, John Leonard, Michel Hall, and Gene M. Burke, related to due process violations, defamation, and interference with employment. Both appeals involve overlapping factual and legal issues stemming from Erwine's termination and subsequent harm, and they were filed concurrently in the Ninth Circuit.

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

Date: Jul 21, 2025

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

**Certificate of Compliance for Briefs**

**9th Cir. Case Number: 25-3134**

This brief contains **5672** words, including words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief complies with the word limit of Cir. R. 32-1.

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

Date: Jul 21, 2025

## CERTIFICATE OF SERVICE

I certify that on Jul 21, 2025, this brief was served electronically through the Appellate Electronic Filing System on all registered counsel.

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

# ADDENDUM

## 28 U.S.C. § 2679 – Exclusiveness of Remedy

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

(b)

   (1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

   (2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government—

(A)  which is brought for a violation of the Constitution of the United States, or

(B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.

(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or

an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

(d)

    (1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

    (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

    (3) In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was

acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4(d)(4) [1] of the Federal Rules of Civil Procedure. In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

(4) Upon certification, any action or proceeding subject to paragraph (1), (2), or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions.

(5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—

    (A)      the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

    (B)      the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

(e)The Attorney General may compromise or settle any claim asserted in such civil action or proceeding in the manner provided in section 2677, and with the same effect.