No. 25-3134

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

MICHAEL ERWINE,

*Plaintiff-Erwine*,

v.

UNITED STATES OF AMERICA, ET AL.,

*Defendants-Appellee.*

On Appeal from the United States District court
for the District of Nevada
No. 3:24-cv-00045
Hon. Miranda M. Du

---

### APPELLEE'S ANSWERING BRIEF

---

SIGAL CHATTAH
Acting United States Attorney

ADAM M. FLAKE
Appellate Division Chief

KARISSA D. NEFF
Assistant United States Attorney
501 Las Vegas Blvd. S., Ste. 1100
Las Vegas, Nevada 89101
(702) 388-6271

*Attorneys for Appellee*

Date Submitted: October 22, 2025

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................iii

I. STATEMENT OF JURISDICTION............................................................ 1

II. ISSUES PRESENTED FOR REVIEW ...................................................... 1

    A.    Whether the district court correctly dismissed Erwine's First
Amended Complaint because Erwine failed to properly exhaust
his FTCA administrative remedies when he submitted his
administrative claim to the DOI for a due process violation, but
filed suit bringing two purported "tort" claims against the United
States. ...................................................................................... 1

    B.    Whether the district court acted within its discretion in denying
Erwine's motion for reconsideration when Erwine failed to show
that the district court committed clear error................................. 1

III. STATEMENT OF THE CASE ................................................................ 1

    A.    Background and Administrative Proceedings ............................. 1

    B.    This Lawsuit.............................................................................. 2

IV. STATEMENT OF THE FACTS ............................................................. 5

    A.    Factual Background Giving Rise to the District Court Action ...... 5

    B.    Erwine's Administrative Claim .................................................. 6

    C.    The District Court Action .......................................................... 7

    D.    Erwine's First Amended Complaint........................................... 8

    E.    The United States' Motion to Dismiss ....................................... 9

i

F.    The District Court's Order ........................................................ 10

G.    Erwine's Motion for Reconsideration ....................................... 11

V. SUMMARY OF ARGUMENT................................................................ 11

VI. STANDARD OF REVIEW ................................................................... 12

    1.  The District Court's Dismissal ............................................. 12

    2.  District Court's Denial of Motion for Reconsideration ......... 13

VII. ARGUMENT ...................................................................................... 13

A.    Erwine Failed to Exhaust His Remedies Under the FTCA Because He Submitted an SF-95 for a Due Process Claim—Not the Purported "Tort" Claims He Brought in His Complaint. ........... 13

    1.  Erwine's SF-95 Form Did Not Satisfy the FTCA Administrative Exhaustion Requirement. ............................ 13

    2.  Erwine's SF-95 Did Not Exhaust His FTCA Administrative Remedies as He Contends. ................................................. 16

    3.  The District Court's Order Does Not Go Against Ninth Circuit Precedent as Erwine Contends. ........................................... 21

    4.  The District Court Did Not Abuse Its Discretion in Denying Erwine's Motion to Amend/Alter Judgment. ...................... 24

VIII. CONCLUSION .................................................................................. 26

IX. STATEMENT OF RELATED CASES ................................................. 27

CERTIFICATE OF COMPLIANCE ......................................................... 28

CERTIFICATE OF SERVICE .................................................................. 29

# TABLE OF AUTHORITIES

Page(s)

Cases

*Agro Dynamics, LLC v. United States*,
No. 20-cv-2082-JAH-KSC, 2023 WL 6130813 (S.D. Cal. Sept. 19, 2023) .. 15, 21

*Avery v. United States*,
680 F.2d  (9th Cir. 1982) ........................................................................... 16

*Blair v. Internal Revenue Service*,
304 F.3d 861 (9th Cir. 2002) ..................................................... 3, 14, 16, 17

*Bleisner v Commc'n Workers of Am.*,
464 F.3d 910 (9th Cir. 2006) ..................................................................... 13

*Bourg v. United States*, No. 2:23-cv-00348-SAB, 2024 WL 492662 (E. D. Wash. Nov. 13, 2024) ........................................................................................ 21

*Brady v. United States*,
211 F.3d 499 (9th Cir. 2000) ..................................................................... 12

*Brown v. Kinross Gold, U.S.A*,
378 F. Supp. 2d 1280 (D. Nev. 2005) ........................................................ 25

*Ceballos v. NP Palace, LLC*,
138 Nev. Adv. Op. 58 (2022) ................................................................. 2, 18

*Corey v. McNamara*,
409 F. Supp. 2d, 1225 (D. Nev. 2006) ................................................... 3, 14

*Craan v. U.S. Army Corps of Engineers*,
337 F.App'x 682 (9th Cir. 2009) ............................................................... 12

*Delta Sav. Bank v. United States*,
    265 F.3d 1017 (9th Cir. 2001).............................................................. 4, 14

*Dembeck-Weiss v. United States*,
    No. CCB-06-3206. 2007 WL 1657418 (D. Md. May 21, 2007)................... 23

*Do Sung Uhm v. Humana, Inc.*,
    620 F.3d 1134 (9th Cir. 2010)...................................................................... 13

*FDIC v. Meyer*,
    510 U.S. 471 (1994) .............................................................................. 4, 14

*Gault v. United States*,
    No. CV 20-10687 PA (PVC), 2021 WL 4507489 (C.D. Cal. Sept. 9, 2021) 21, 22

*Goodman v. United States*,
    298 F.3d 1048 (9th Cir. 2002).............................................................16, 19

*Irish v. United States*,
    No. 2:13-cv-2201-APG-VCF, 2014 WL 2960300 (D. Nev. June 30, 2014). 13, 14

*Irish v. United States*,
    No. 2:14-cv-01349-LDG-VCF, 2015 WL 4622743 (D. Nev. Aug. 3, 2015)...4

*K Mart Corp. v. Ponsock*,
    103 Nev. 39, 732 P.2d 1364 (1987) ........................................................... 20

*Martin v. Sears Roebuck & Co.*,
    111 Nev. 923 (1995)..................................................................................... 20

*McMillan v. Dep't of Interior*,
   907 F. Supp. 322 (D. Nev. 1995) ....................................................... passim

*Miller v. United States*,
   992 F.3d 878 (9th Cir. 2021) ........................................................ 17, 22, 23

*Piccinini v. United States*,
   No. 3:17-cv-00584-HDM-WGC, 2018 WL 2014068 (D. Nev. Apr. 30, 2018)
   ..................................................................................................................21, 22

*Ramone v. U.S. Postal Serv.*,
   No. 1:17-cv-0825-JLT, 2019 WL 3080820 (E.D. Cal. July 15, 2019) .......... 14

*Reno v. Western Cab Co.*,
   No. 2:18-cv-840-APG-NJK, 2020 WL 2462900 (D. Nev. May 1, 2020) ..... 24

*Rooney v. United States*,
   634 F.2d 1238 (9th Cir. 1980)...................................................................... 18

*Rumph v. United States*, No. 03-3152-CV-S-R,
   ED, 2005 WL 1006452 (W.D. Mo. April 4, 2005)........................................ 4

*Shipek v. United States*,
   752 F.2d 1352 (9th Cir. 1985)...................................................................... 16

*Taylor v. United States*,
   No. 2:23-cv-04671-RMG-MHC, 2024 U.S. Dist. LEXIS 215137 (D.S.C.
   Nov. 26, 2024)............................................................................................ 23

*Urizar-Mota v. United States*,
   556 F. Supp. 3d 64 (2021) ......................................................................... 23

*Warren v. BLM*,
   724 F.2d 776 (9th Cir. 1984) ...................................................................... 18

Statutes

28 U.S.C. § 1291 ................................................................. 1, 2

Rules

FED. R. APP. P. 32(a)(5) ........................................................ 28

Fed. R. App. P. 32(f) ............................................................ 28

Fed. R. Civ. P. 12(b)(6) ......................................................... 22

Fed. R. Civ. P 59 ...............................................................11, 12

# I.

## STATEMENT OF JURISDICTION

Plaintiff-Erwine Michael Erwine ("Erwine") appeals from a final judgment where the district court granted the United States' Motion to Dismiss Erwine's First Amended Complaint based on his failure to properly exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). ER-44–46. Erwine filed a timely notice of appeal on May 12, 2025. ER-247–50. This Court has jurisdiction pursuant 28 U.S.C. § 1291.

# II.

## ISSUES PRESENTED FOR REVIEW

A.  Whether the district court correctly dismissed Erwine's First Amended Complaint because Erwine failed to properly exhaust his FTCA administrative remedies when he submitted his administrative claim to the DOI for a due process violation, but filed suit bringing two purported "tort" claims against the United States.

B.  Whether the district court acted within its discretion in denying Erwine's motion for reconsideration when Erwine failed to show that the district court committed clear error.

# III.

## STATEMENT OF THE CASE

### A.  Background and Administrative Proceedings

This case arises out of the district court's order properly granting the United States' Motion to Dismiss Erwine's first amended complaint

1

("Complaint") based on Erwine's failure to properly exhaust his administrative remedies. ER-44–47. The dismissal was based on the district court's finding that Erwine's administrative claim ("SF-95") alleging a due process violation with the Department of the Interior ("DOI") did not adequately put the DOI on notice of the purported tort claims he later brought in his Complaint against the United States alleging tortious/wrongful discharge and bad faith discharge, specifically based on factual allegations that he was fired for failing to obey unlaw orders. *Id.*[1] Neither these purported tort claims nor factual allegations to support them appeared in Erwine's administrative claim. ER-94–97.

### B. This Lawsuit

Erwine's lawsuit arose from his work as a law enforcement officer for Tribe of Nevada and California ("Tribe") from approximately October 18, 2019, through March of 2022. ER-144, ¶ 113, ER-152, ¶ 185.

---

[1] Under Nevada law, tortious discharge actions are "severely limited to those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Ceballos v. NP Palace, LLC*, 138 Nev. Adv. Op. 58, *6 (2022). The recognized examples of this tort are termination due to: (1) refusing to violate the law, (2) performing jury duty, (3) filing a workers' compensation claim or seeking industrial insurance, (4) refusing to work in unreasonable and dangerous conditions, and (5) whistle blowing. *Id.*

Following his termination, Erwine filed the district court action. ER-195–243. He subsequently amended his complaint, bringing two claims against the United States for wrongful/tortious discharge and bad faith discharge. ER-129–186.[2]

The district court properly determined that the SF-95 submitted to the DOI alleged a due process violation, but did not mention tortious or bad faith discharge. ER-46. It determined that the SF-95 did not mention that Erwine was fired for failure to follow unlawful orders, which was the primary factual contention underlying his tortious and bad faith discharge claims. *Id.*

In granting the United States' motion to dismiss, the district court properly recognized that exhaustion under the FTCA requires: (1) a "written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum certain damages claim." ER-46 (citing *Corey v. McNamara*, 409 F. Supp. 2d, 1225, 1228 (D. Nev. 2006), aff'd, 265 F. App'x 555 (9th Cir. 2008) (quoting *Blair v. Internal Revenue Service*, 304 F.3d 861, 864 (9th Cir. 2002)). ER-46.

---

[2] Plaintiff also sued Churchill County, its sheriff, Benjamin Trotter, individual members of the Tribes' police department, and its general counsel. ER-195. The individually named tribal defendants have also been dismissed from the case and Erwine has appealed the district court's judgment. Churchill County is the only remaining defendant. ER-264–65.

The District court properly found that Erwine's SF-95 did not sufficiently describe the injuries he alleged in the district court action sufficient to place the DOI on notice. ER-46. In so holding, the district court recognized that Erwine's administrative due process claim was a different right, with a different source, than the state tort claims he asserted in his Complaint. ER-46.

This is because a due process claim is not cognizable as an FTCA claim. *See FDIC v. Meyer*, 510 U.S. 471, 474, 476–77 (1994); *see also McMillan v. Dep't of Interior*, 907 F. Supp. 322, 327 (D. Nev. 1995) (the United States has not waived sovereign immunity for claims of constitutional violations) (citations omitted). More generally, violations of federal law cannot serve as the bases for FTCA claims. *See Delta Sav. Bank v. United States*, 265 F.3d 1017, 1025–26 (9th Cir. 2001) (federal statute); *Irish v. United States*, No. 2:14-cv-01349-LDG-VCF, 2015 WL 4622743, at *2 (D. Nev. Aug. 3, 2015) (federal court order); *Rumph v. United States*, No. 03-3152-CV-S-RED, 2005 WL 1006452, at *6 (W.D. Mo. April 4, 2005) (Army regulation). An FTCA claim must be based on state law under circumstances where a private person would be liable. *See FDIC*, 510 U.S. at 477–78 (1994); *Delta Sav. Bank*, 265 F.3d at 1024–26.

Further, in his Complaint, Erwine disguised the two claims against the United States as "torts" brought under the FTCA, but then conclusory

4

alleged, with respect to each, that "as a direct and proximate result of the acts stated here by the United States of America, Erwine's Constitutional rights have been violated…" ER-171-72.

As the district court properly recognized in its order, Erwine only alleged a due process violation in his SF-95. ER-46.

## IV.

## STATEMENT OF THE FACTS

### A.    Factual Background Giving Rise to the District Court Action

In October 2016, the Churchill County Sheriff's Department ("Churchill County") terminated Erwine from his position where he had served as a police officer for just under a year. ER-130, ¶ 5. Stemming from his termination, in September of 2018, Erwine sued Churchill County and its sheriff, Benjamin Trotter ("Trotter") in a separate court action for numerous federal and state law claims alleging that they had interfered with his right to pursue the occupation of his choosing. ER-143, ¶ 107.

After his employment with Churchill County ended, Erwine applied to numerous law enforcement and security jobs. ER-138, ¶ 68. Several of the employers to whom Erwine applied rejected his applications. ER-138–40.

In January of 2018, Erwine began working for the Pyramid Lake Police Department. ER-141, ¶ 87. He was terminated from this position in March of 2018. ER-142, ¶¶ 95–96.

On October 18, 2019, Erwine was then hired by the Washoe Tribe of Nevada and California ("Tribe"). ER-144, ¶ 113, 115. He was subsequently terminated by the Tribe in March of 2022. ER-152, ¶ 185. Stemming from his termination, on January 25, 2025, Erwine filed the district court action against the United States, Churchill County, its sheriff, Trotter, and individual members of the Tribes' police department. ER-195.

## B.    Erwine's Administrative Claim

On April 24, 2023, Erwine submitted his SF-95 to the DOI. ER-94–97. In his claim, Erwine stated:

> On 3/4/22 Erwine was terminated from his position of a police officer with the Washoe Tribe of Nevada and California. Erwine was a tenured/non-probationary employee and was subject to the Tribe's disciplinary due process protections, which Erwine did not receive. Erwine filed numerous grievances according the to the policies and procedures of the Tribe and was denied any due process. Please review the attachment statement of fact and claim.

ER-94.

In Erwine's attached statement to his SF-95 Form he described his termination process. ER-96–97. Notably, he described procedures during his termination that supported his due process claim, stating his personnel file

6

contained "new charges of dishonesty… never previously addressed with the Plaintiff." ER-96, ¶ 4. He claimed that he filed a grievance, but that afterwards, he received a letter denying him the opportunity to file such a grievance and denying him his right to respond to the allegations surrounding his termination. *Id.*, ¶ 6. Erwine further stated that he was not notified by the Tribe of all his charges of misconduct and was denied a "hearing and given no meaningful opportunity to be heard." ER-97, ¶ 12.

On October 26, 2023, the DOI denied Erwine's claim. ER-244–45. The denial letter stated:

> According to the Standard Form 95, this claim arises from the termination of Claimant from his position with the Washoe Tribe of Nevada and California on March 4, 2022. After reviewing this claim and applicable law, I hereby deny this claim.

ER-244.

## C. The District Court Action

On January 25, 2024, Erwine filed suit in the district court against the United States and Churchill County, including individual Churchill County employees. ER-195–243. Erwine alleged causes of action against the United States for wrongful termination/tortious discharge. ER-230–232. After, the United States moved to dismiss Erwine's claim, Erwine sought leave from the district court to file an amended complaint, which the United States did not oppose. ER-256–57.

7

### D. Erwine's First Amended Complaint

On May 20, 2025, Erwine filed his first amended complaint, alleging wrongful termination/tortious discharge of employment and bad faith discharge of employment against the United States, both labeled as tort claims brought under the FTCA. ER-129, 169–72.

In his cause of action for wrongful termination/tortious discharge of employment, Erwine alleged that the Tribe and the United States entered into a self-determination contract ("Contract"), by which the United States agreed to provide money for law enforcement and investigative services to the Tribe and to monitor the use of those funds in accordance with the contract an applicable law. ER-169. He alleged that through the terms of the Contract, the United States was the Tribe's employer of law enforcement personnel and administration, and thus liable for the Tribe's actions in Erwine's termination. ER-169, ¶¶ 320-322, 324.

Erwine set forth facts alleging that he was terminated for refusing to obey the Tribe's unlawful orders. ER-170, ¶¶ 326, 327 (alleging in the Complaint he could not arrest a DUI suspect at a traffic stop because he did not have probable cause); ER-170–71, ¶ 328 (alleging in the Complaint that he was unable to detain an individual for trespass because it would have been illegal). Though disguised as a tort claim, Erwine conclusory alleged that as a

direct and proximate result of the United States' actions, Erwine's constitutional rights were violated. ER-171, ¶ 329.

Likewise, in his bad faith discharge claim against the United States, although Erwine was not a party to it, he alleged that the Contract created an implied covenant of good faith and fair dealing and bound the Tribe and the United States to a strict and comprehensive disciplinary process under which the Tribe could only terminate Erwine in accordance with these policies and procedures. ER-172, ¶ 341.

Erwine specifically alleged that the Tribe breached the Contract by terminating him without notifying him of all his employment deficiencies and failed to afford him progressive discipline. ER-172, ¶ 342. Again, disguised as a tort, Erwine conclusory alleged that the United States, through the Tribe, breached the Contract and violated Erwine's constitutional rights. ER-171–73, ¶¶ 332, 334, 342, 345.

### E.    The United States' Motion to Dismiss

On June 3, 2024, the United States moved to dismiss Erwine's Complaint. ER-81–128. The United States argued dismissal was proper because the district court lacked subject matter jurisdiction based on Erwine's failure to properly exhaust his administrative remedies. ER-85–86.

Erwine opposed the United States' motion, arguing, relevant to this appeal, that the SF-95 did properly place the DOI on notice of his tort claims brought in the district court action. ER-58.

### F. The District Court's Order

On November 6, 2024, the district court issued its order, ruling that Erwine's SF-95 did not adequately put the DOI on notice of is tortious and bad faith discharge district court causes of action based on Erwine's purported refusal to obey unlawful orders. ER-45.

In so ruling, the district court found that Erwine's SF-95 alleged that his due process rights were violated when he was fired by the Tribe and did not mention tortious or bad faith discharge. ER-46. The district court determined that at most Erwine had alleged in his administrative claim that he "had not been found to have committed any misconduct which would warrant termination under the Tribe's policies." ER-46. It found that the SF- 95 did not state Erwine was fired for refusing to obey unlawful orders, which was the primary factual contention underlying his tortious and bad faith discharge claims. *Id.*

The district court further found that Erwine's SF-95 due process claim was a different right (with a different source of right) than the state law claims he asserted in his first amended complaint. ER-46. As such, the district court

granted the United States' motion to dismiss, finding that Erwine failed to properly exhaust his remedies under the FTCA. ER-44–47.

### G. Erwine's Motion for Reconsideration

On, July 21, 2025, Erwine filed a Motion to Alter or Amend Judgment under Fed. R. Civ. P 59. ER-33–38.

The district court denied Erwine's motion, finding that he failed to show clear error. ER-264. The district court agreed with the United States that Erwine only sought to rehash the same arguments he raised in opposition to the United States' motion to dismiss and properly denied Erwine's motion. ER-264; ER-31–32.

On April 4, 2025, the United Stated filed a motion to convert the district court's order to a final judgment. ER-264. On April 23, 2025, the district court granted the United States' motion and entered judgment in its favor. *Id*. On May 12, 2025, Erwine filed his Notice of Appeal. ER-247–250.

### V.

### SUMMARY OF ARGUMENT

As the district court properly found, *see* ER-44–47, Plaintiff failed to exhaust his administrative remedies under the FTCA when he filed an SF-95 claiming a due process violation, but then brought claims for tortious discharge and bad faith discharge claims against the United States, based on

factual contentions that he was fired for allegedly refusing to obey unlaw orders. *See id*. Erwine's due process administrative claim did not adequately place the DOI on notice of the Erwine's "tort" claims in his Complaint supported by allegations that he was terminated for refusing to obey unlawful orders on specific dates such that DOI could investigate them.

The district court did not abuse its discretion in denying Erwine's request for reconsideration when it ruled that Erwine failed to establish clear error. No case cited in Erwine's motion for reconsideration, nor in his opening brief, show that the presentation of a constitutional claim (for denial of due process) exhausts administrative remedies for the state law, tort claims of tortious and bad faith discharge based on his refusal to obey unlawful orders, as alleged in his Complaint. *See*, *e.g.*, ER- 34–48.

## VI.

## STANDARD OF REVIEW

*1.   The District Court's Dismissal*

This Court reviews a district court's dismissal for failure to exhaust under the FTCA and thus based on lack of subject matter jurisdiction de novo. *Craan v. U.S. Army Corps of Engineers*, 337 F.App'x 682 (9th Cir. 2009) (citing *Brady v. United States*, 211 F.3d 499, 501 (9th Cir. 2000)).

2.  *District Court's Denial of Motion for Reconsideration*

The Court reviews denials of motions for reconsideration for abuse of discretion. *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1139 (9th Cir. 2010) (citing *Bleisner v Commc'n Workers of Am.*, 464 F.3d 910, 15 (9th Cir. 2006)).

## VII.

## ARGUMENT

**A.  Erwine Failed to Exhaust His Remedies Under the FTCA Because He Submitted an SF-95 for a Due Process Claim—Not the Purported "Tort" Claims He Brought in His Complaint.**

1.  *Erwine's SF-95 Form Did Not Satisfy the FTCA Administrative Exhaustion Requirement.*

Contrary to Erwine's contentions, and as properly determined by the district court, by filing his SF-95 alleging a due process violation, Erwine failed to properly place the DOI on notice of the wrongful/tortious discharge and bad faith discharge brought in his Complaint, purporting to have been fired for refusing to obey unlawful orders. *See* ER-44–46.

Among the terms and conditions of the FTCA, a claimant must exhaust administrative remedies before commencing an FTCA action in federal court. *See Irish v. United States*, No. 2:13-cv-2201-APG-VCF, 2014 WL 2960300, at *4 (D. Nev. June 30, 2014). Exhaustion of administrative remedies includes presenting to the appropriate agency a written statement sufficiently

13

describing the injury to enable the agency to begin its own investigation, along with a sum certain for damages. *Corey v. McNamara*, 409 F. Supp. 2d 1225, 1228 (9th Cir. 2006) (upholding dismissal of a union grievance case because the grievance document did not satisfy the administrative claim presentation requirement); *Blair v. IRS*, 304 F.3d 861, 864 (9th Cir. 2002)) (upholding dismissal of the plaintiff's medical expense claim because plaintiff submitted only a sum certain for lost wages).

The claim-presentation requirement ensures that federal agencies charged with making an initial attempt to settle tort claims against the United States are given full notice of the government's potential liability. *Ramone v. U.S. Postal Serv.*, No. 1:17-cv-0825-JLT, 2019 WL 3080820, at *4 (E.D. Cal. July 15, 2019) (citation omitted). The claim-presentation requirement is jurisdictional. *Irish v. United States*, 2014 WL 2960300, at *4 (D. Nev. 2014) (citations omitted); *McMillan v DOI*, 907 F. Supp. 322, 327 (D. Nev. 1995).

Courts have also explained that the basis of an FTCA claim must be state tort law; an FTCA claim cannot be based on a violation of federal law including the Constitution. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994) (an alleged constitutional violation is not cognizable as an FTCA claim); *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1025–26 (9th Cir. 2001) (a violation of federal law cannot serve as basis for an FTCA claim); *cf.*

*McMillan*, 907 F. Supp. at 327 (the United States has not waived sovereign immunity for claims of constitutional violations).

Moreover, the violation of a state constitutional provision is not cognizable as an FTCA claim because a private person would not be held liable under similar circumstances. *See Agro Dynamics, LLC v. United States*, No. 20-cv-2082-JAH-KSC, 2023 WL 6130813, at *11–12 (S.D. Cal. Sept. 19, 2023).

As quoted above, Erwine's SF-95 specifically alleges that the Tribe's terminating him violated his due process rights. ER-94.

In Erwine's attached statement to his SF-95 Form he sets forth more facts supporting his due process claim, stating his personnel file contained "new charges of dishonesty… never previously addressed with the Plaintiff." ER-96, ¶ 4. He claimed that he filed a grievance, but afterwards, received a letter denying him the opportunity to do so and denying him his right to respond to the allegations surrounding his termination. *Id.*, ¶ 6. Erwine further stated that he was not notified by the Tribe of all his charges of misconduct and was denied a "hearing and given no meaningful opportunity to be heard." ER-97, ¶ 12.

2.   *Erwine's SF-95 Did Not Exhaust His FTCA Administrative Remedies as He Contends.*

Erwine argues that his SF-95 met the FTCA's exhaustion requirements because he provided the minimal information describing his "injury" to enable the BIA to investigate his claim. OB 10. He relies on *Shipek v. United States*, 752 F.2d 1352 (9th Cir. 1985) *Goodman v. United States*, 298 F.3d 1048 (9th Cir. 2002), and *Avery v. United States*, 680 F.2d 607 (9th Cir. 1982) 611 in support of his argument. OB 11.

As recognized in these decisions, skeletal administrative claims, which inform the agencies of the nature of the alleged injury and the amount of damages, is relatively straightforward in most cases such as car accidents or premises liability cases. However, the actual contents of the administrative claim are still important. *Wanjala v. United States*, No., 10-486-AC, (D. Or. July 22, 2011) WL 4498826, at *2, *3, *8 (upholding dismissal of a plaintiff's personal injury suit because his pre-filing administrative claim included only property damage, not personal injuries); *Blair v. IRS*, 304 F.3d 861, 869 (9th Cir. 2002) (upholding dismissal of plaintiff's medical expense claim because plaintiff had submitted an administrative claim only for lost wages).

Here, Erwine's SF-95 alleged a due process violation. ER-094; ER-96–97. Yet, the main factual contentions in his Complaint were that he was terminated for refusing to obey the Tribe's unlawful orders. ER-170, ¶¶ 326,

16

327 (alleging that in April of 2021, he could not arrest a DUI suspect at a traffic stop because he did not have probable cause), ER-170–71, ¶ 328 (alleging he was unable to detain an individual for trespass in February of 2022 because it would have been illegal).

Nowhere does Erwine's SF-95 bring these claims to the DOI's attention for investigation. ER-94–97. And, notably absent from Erwine's SF-95 are the incident dates of April 2021 and November 2021, which are the factual bases for his wrongful termination claims. *Id.*

Erwine's contention he claimed "intentional infliction of emotional distress" on his SF-95 also does not help his argument that he exhausted his administrative remedies. OB 13. Decisions regarding employment and termination are precisely the type of administrative actions the discretionary function exception shields. *Miller v. United States*, 992 F.3d 878, 888 (9th Cir. 2021) (citations omitted).  Further, his contention has no bearing on the exhaustion of his primary tort claim- that he was terminated for failing to obey unlawful orders.

17

Erwine also contends that under *Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir. 1980)[3] and *Warren v. BLM*, 724 F.2d 776, 779 (9th Cir. 1984)[4] his SF-95 was sufficient exhaustion because the FTCA doesn't require a claimant to state specific legal theories. OB 15–16.

But Erwine's SF-95 alleging a due process violation to the DOI is not the same as the tort claims he alleges in his Complaint—that he was fired for in violation of state public policy—required under Nevada law to maintain a wrongful termination claim. *See Ceballos v. NP Palace, LLC*, 138 Nev. Adv. Op. 58, *7, 138 Nev. 625, 514 P.3d (2022) (terminating employees for articulating reasons that go against public policy are recognized to support a wrongful discharge claim). Thus, Erwine's due process claim to the DOI did not place it on sufficient notice of the new factual allegations he alleged in his Complaint such that it could properly investigate them.

---

[3]    In *Rooney*, 634 F.2d at 1242–43, the Court held that the plaintiff's administrative claim stating that he fell and was then negligently and carelessly treated, transported and cared for was sufficient to apprise the government of the nature and extent of his claim based both upon the fall and his alleged medical malpractice.

[4]    *Warren* addressed whether a federal regulation aimed at promoting the settlement of administrative claims was a jurisdictional prerequisite under the FTCA, and ruled it was not. *Warren*, 724 F.2d 776, 778.

18

Then, though disguised as a tort claim for wrongful termination, Erwine conclusory alleged that as a direct and proximate result of the United States' actions, Erwine's constitutional rights were violated. ER- 171, ¶ 329.

Even at this stage of the proceedings (let alone the administrative level), it is unclear what type of claims Erwine has brought against the United States. Assuming, they are constitutional, sovereign immunity bars the alleged violation of a constitutional right as a claim for damages against the United States. *McMillan*, 907 F. Supp. at 327.

Erwine also attempts to argue that because the DOI denied his SF-95 that it was aware that he was fired for refusing to obey unlawful orders. *See* OB 17 (relying on *Goodman*, 298 F.3d 15 1055).

However, unlike *Goodman*, the DOI's denial letter does not indicate it had notice of these tortious discharge/bad faith discharge allegations, and only generally states that the claim arose from Erwine's termination as a police officer with the Tribe but was denied after review of the claim and applicable law. ER-42. Thus, the denial letter is tied directly to Erwine's allegations brought in his administrative claim- that his employment was terminated without due process.

Erwine next relies on *K Mart Corp. v. Ponsock*, 103 Nev. 39, 732 P.2d 1364 (1987) and *Martin v. Sears Roebuck & Co.*, 111 Nev. 923 (1995), attempting to save his bad faith discharge cause of action. OB 11–12.

In so doing, Erwine ignores that an employment contract requires a special relationship and conduct that goes beyond that of merely breaching the contract. *See Martin* 899 P.2d 551, 555 (Nev. 1995). In *Ponsock*, 732 P.2d 1364 (Nev. 1987), the employer hired the plaintiff "until retirement," but then fired him six months before retirement to divest him of retirement rights. *Martin*, 899 P.2d at 555 (explaining *Ponsock*). Erwine alleges nothing similar to *Ponsock*.

Erwine's allegations also do not establish an employment contract between the Tribe and him. The Contract is not signed by Erwine and does not govern the terms of his employment. ER-117–128. But among other things, the Contract does provide that the Tribe will be covered by the FTCA. ER-122, § 16. Granting the Tribe tort/sovereign immunity does not constitute an employment agreement between Erwine and the Tribe. *Id.*

Likewise, with respect to Erwine's purported tort claim for bad faith discharge of employment, Erwine specifically alleged that the Tribe breached the Contract by terminating him without notifying him of all his employment deficiencies and failed to afford him progressive discipline. ER-172, ¶ 342.

20

Erwine then conclusory alleged that the United States, through the Tribe, breached the Contract and violated Erwine's constitutional rights. ER-171–73, ¶¶ 332, 334, 342, 345. But again, sovereign immunity bars the alleged violation of a constitutional right as a claim for damages against the United States. *McMillan*, 907 F. Supp. at 327.

   3.    *The District Court's Order Does Not Go Against Ninth Circuit Precedent
         as Erwine Contends.*

Contrary to Erwine's contentions, the district court's order does not contravene Ninth Circuit precent. OB 16–18, citing *Bourg v. United States*, No. 2:23-cv-00348-SAB, 2024 WL 492662, at *7–8 (E. D. Wash. Nov. 13, 2024). *Bourg* does not support Erwine's argument. There, the court determined that it need not decide the legal issue whether an administrative claim alleging that an electronic health record system used by a VA medical center that failed to send an order that the plaintiff "return to clinic" constituted a "product" under Washington law. *Id.* at *3. The court determined the administrative claim was factually sufficient, but dismissed the VA, determining the claim alleged administrative negligence, and that the claim needed to be brought under the Veteran Judicial Review Act. *Id.*

*Piccinini v. United States*, No. 3:17-cv-00584-HDM-WGC, 2018 WL 2014068 *3 (D. Nev. Apr. 30, 2018) and *Gault v. United States,* No. CV 20-

10687 PA (PVC), 2021 WL 4507489 * 8 (C.D. Cal. Sept. 9, 2021) likewise do not help his argument. In *Piccinini v. United States*, 2018 WL 2014068 at *3, the court determined a plaintiff's claim that a fire "burned beyond boundaries of controlled burn, engulfing [private property]" and an "expansion of fire to other [private] areas outside of the prescribed area," was sufficient to exhaust claims for negligence and nuisance. In *Gault v. United States*, 2021 WL 4507489 * 8 (C.D. Cal.2021), the plaintiff admitted that he failed to exhaust claims for the second and third claims regarding harassment allegations against the VA, such that the court granted the United States' 12(b)(1) motion for failure to exhaust in part, and only ruled on whether the plaintiff's surviving claims for infliction of emotional distress withstood the government's Fed. R. Civ. P. 12(b)(6) motion.

Erwine also argues that in *Miller v. United States*, 992 F.3d 878, 891–93 (9th Cir. 2021) the court determined the plaintiff's SF 95 (which Erwine claims is nearly identical to his) was sufficient to exhaust his FTCA remedies. OB 17–18. But in *Miller*, the Ninth Circuit addressed certain investigative procedures relative to the discretionary function exception, not the merits of the claims and certainly not whether the claim had been exhausted. *Miller,* 992 F.3d at 891–93 & n.6; *see also id.* at 866 & n. 3. Further, unlike here, the operative facts that Miller complained of in his SF-95 regarding his

22

termination were the same he complained of in his operative complaint.  *See Id.* at 883.

Erwine incorrectly contends that the district court's order goes against holdings in other jurisdictions and relies on *Dembeck-Weiss v. United States*, No. CCB-06-3206. 2007 WL 1657418 *18-19 (D. Md. May 21, 2007), *Urizar-Mota v. United States*, 556 F. Supp. 3d 64, *67 (2021) (D. Rhode Island) (2021), and *Taylor v. United States*, No. 2:23-cv-04671-RMG-MHC, 2024 U.S. Dist. LEXIS 215137 (D.S.C. Nov. 26, 2024). But none of these court holdings support his contentions.

However, these cases support the district court's order- that where sufficient facts are alleged on administrative claim form that are then raised in the subsequent litigation, that the claim has sufficiently been exhausted.  *See Dembeck-Weiss*, 2007 WL 1657418 *18–19 (administrative remedies were properly exhausted when the decedent initially timely filed an administrative claim and the decedent's personal representative then later filed one, informing the agency a survival action on behalf of the decedent's estate would be forthcoming); *Urizar-Mota,* 556 F. Supp. 3d 64, *67 (decedent's claim was sufficiently exhausted even though it did not specifically mention the decedent's spouse and children, when the spouse and children later filed suit for loss of consortium and loss of parental society and companionship

following the claimant's death); *Taylor*, U.S. Dist. LEXIS 215137 (administrative claim not properly exhausted when the plaintiff claimed she was wrongfully arrested and then brought claims for negligence and gross negligence but her lawsuit took issue with the DEA's policies, procedures, training and supervision used in the prearrest investigation. The Court further found that her intentional and emotional distress claim was barred from suit under the FTCA and its discretionary function exception).

Because Erwine's SF-95 due process violation is very different than the "torts" he purports to bring in his Complaint, and are constitutional as opposed to torts, this Court should uphold the district court's ruling dismissing the United States.

### 4. *The District Court Did Not Abuse Its Discretion in Denying Erwine's Motion to Amend/Alter Judgment.*

Erwine fails to cite to any law supporting his claim that the district court abused its discretion in denying his motion for reconsideration. The district court denied it because Erwine failed to establish clear error. To establish clear error, Erwine would be required to show that the court was required to reach a different outcome based on controlling legal authority from this Court or United States Supreme Court. *Reno v. Western Cab Co.*, No. 2:18-cv-840-APG-NJK, 2020 WL 2462900, at *3 (D. Nev. May 1, 2020) (citation omitted).

No case cited in Plaintiff's motion for reconsideration, nor in his opening brief, show that the presentation of a constitutional claim for denial of due process exhausts administrative remedies for the state law, tort claims of tortious and bad faith discharge for refusal to obey unlawful orders. *See*, *e.g.*, ER-34–47. He thus cannot show clear error.

Erwine attempts to argue that in denying his motion for reconsideration, the District court's reliance on *Brown v. Kinross Gold, U.S.A*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005), was misplaced. OB 19. He again argues that the district court*'s* ruling "violated the FTCA's lenient standard" under *Avery* and *Goodman*. OB 20.

But the district court did not impose a heightened pleading standard on Erwine regarding his SF-95, as he contends. ER-44–47. It determined that Erwine's alleging a due process administrative claim did not put the DOI on notice of Erwine's tortious or bad faith discharge under state law based on firing Erwine after he allegedly failed to obey unlawful orders. ER-36. In so finding, the district court agreed with the United States that due process violations alleged in his SF-95 are a different right, with a different source for the right, than the state law claims asserted in the Complaint. *Id*.

Erwine cites to no authority that the district court abused its discretion in making this finding.

25

# VIII.

# CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court affirm the district court's order dismissing the United States from Erwine's action.

Dated this 22nd day of October 2025.

Respectfully submitted,

SIGAL CHATTAH
Acting United States Attorney

ADAM FLAKE
Appellate Chief

*/s/ Karissa D. Neff*
KARISSA D. NEFF
Assistant United States Attorney
501 Las Vegas Blvd S., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

*Attorneys for Appellee*

# IX.

## STATEMENT OF RELATED CASES

The United States is unaware of any cases related to the instant appeal currently pending before this Court.

Dated this 22nd day of October 2025.

*/s/Karissa D. Neff*
KARISSA D. NEFF
Assistant United States Attorney

### CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(a)(5), (6) AND CIRCUIT RULE 32-1

I hereby certify that:

Pursuant to Fed. R. App. P. 32(a)(5) and (6) and Ninth Circuit Rule 32-1, the attached **APPELLEE'S ANSWERING BRIEF** is proportionately spaced, has a typeface of 14 points, and contains 5,352 words, excluding the portions exempted by Fed. R. App. P. 32(f).

Dated this 22nd day of October 2025.

*/s/ Karissa D. Neff*
KARISSA D. NEFF
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **APPELLEE'S ANSWERING BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the Appellate CM/ECF system.

Dated: October 22, 2025

       */s/ Vera A. Minkova*
VERA A. MINKOVA
Paralegal Specialist