No. 25-3134

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

MICHAEL ERWINE,

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA, et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Nevada

No. 3:24-cv-00054

Hon. Judge Miranda Du

APPELLANT'S REPLY BRIEF

Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail:
luke@lukeandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

## DISCLOSURE STATEMENT

Appellant Michael Erwine is an individual and not a nongovernmental corporate entity; thus, no Disclosure Statement is required under FRAP 26.1(a).

Date: Dec 13, 2025

<u>By: /s/ Luke Busby, Esq.</u>
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

## TABLE OF CONTENTS

I. INTRODUCTON……………………………………………………………1

II. ARGUMENT…………………………………………………………………..1

    I. Erwine's SF-95 Form Satisfied the FTCA Administrative Exhaustion Requirement Because the Form Provided Notice of Injury Sufficient to Enable Agency Investigation……………….1

    II. Erwine Exhausted His Administrative Remedies Because the Form Described His Injury of Termination and Enabled Investigation of Tort Claims Arising from the Same Incident…..5

    III. The District Court's Order Adds Additional Requirements beyond Ninth Circuit President - Dismissal Imposed a Heightened Standard for Exhaustion Inconsistent with Avery and Goodman……………………………………………………...8

    IV. The District Court Abused Its Discretion in Denying Erwine's Motion to Amend/ Alter Judgement Because the District Court Failed to Correct Clear Error…………………………...11

III. CONCLUSION…………………………………………………....12

## TABLE OF AUTHORITIES

### CASES

*Allum v. Valley Bank of Nev.*,
 114 Nev. 1313, 1323, 970 P.2d 1062, 1068 (1998)................................7
*Avery v. United States*,
 680 F.2d 608, 610 (9th Cir. 1982)........................................2, 3, 6, 8, 11
*Banister v. Davis*,
 140 S. Ct. 1698, 1703 (2020)................................................................11
*Blair v. Internal Revenue Service*,
 304 F.3d 861 (9th Cir. 2002).............................................................3, 4, 9
*Brady v. United States*,
 211, F.3d 499 (9th Cir. 2000).................................................................11
*Craan v. U.S. Army Corps of Engineers*,
 337, F. App'x 682 (9th Cir. 2009)..........................................................11
*Ceballos v. NP Palace LLC*,
 138 Nev. Adv. Op. 58 (2022)................................................................5, 8
*Corey v. McNamara*,
 409 F. Supp. 2d 1225, 1228 (9th Cir. 2006)............................................4
*Delta Sav. Bank v. United States*,
 265 F.3d 1017, 1026 (9th Cir. 2001).......................................................8
*Dembeck-Weiss v. United States*,
 No. CCB-06-3206, 2007 WL 1657418 (D. Md. May 21, 2007)............9
*Dillard Dep't Stores, Inc. v. Beckwith*,
 115 Nev. 372, 387, 989 P.2d 882, 885-86 (1999)...................................7
*Do Sung Uhm v. Humana, Inc.*,
 620 F.3d 1134 (9th Cir. 2010).................................................................9
*Goodman v. United States*,
 298 F.3d 1048, 1055 (9th Cir. 2002)....................................6, 8, 10, 11
*Goss v. United States*,
 353 F. Supp. 3d 878, 885 (D. Ariz. 2018)...............................................3
*Hansen v. Harrah's*,
 100 Nev. 60, 64, 675 P.2d 394, 397 (1984)............................................7
*Irish v. United States*,

    No. 2:13-cv-2201-APG-VCF, 2014 WL 2960300 (D. Nev. June 30, 2014)..................................................................................................9

*K Mart Corp v. Ponsock,*
    103 Nev. 39, 732 P.2d 1364 (1987)........................................................5

*Martin v. Sears Roebuck & Co.,*
    Nev. 923, 929, 899 P.2d 551, 555 (1995)...............................................7

*Rooney v. United States,*
    634, F.2d 1238, 1242 (9th Cir. 1980)....................................................10

*Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.,*
    724 F.2d 776, 780 (9th Cir. 1984).........................................................2

*Wiltsie v. Baby Grand Corp.,*
    105 Nev. 291, 293, 774 P.2d 432, 433 (1989)........................................7

**RULES**

FRCP 59……………………………………………………....………11, 12

## I. INTRODUCTION

The district court's orders (ER-5 and ER-44), by requiring that Appellant Erwine's SF-95 form explicitly mention specific torts or detailed elements of claims to satisfy administrative exhaustion under the Federal Tort Claims Act ("FTCA"), are contrary to the skeletal notice requirement intended by Congress and confirmed in this Court's case law. Naming claim titles and/or detailed elements of claims to satisfy the FTCA's exhaustion requirement is simply not required. The FTCA requires only that Erwine provide notice of the injury and a demand for a sum certain.

## II. ARGUMENT

### *I. Erwine's SF-95 Form Satisfied the FTCA Administrative Exhaustion Requirement Because the Form Provided Notice of Injury Sufficient to Enable Agency Investigation*

The United States argues that Erwine's SF-95 failed to exhaust administrative remedies under the FTCA, alleging he asserted a constitutional due process violation rather than the tort claims, and thus did not provide sufficient notice to investigate those torts (AB 4 and 13). This argument is a straw man because: (1) Erwine's claim of injury was his termination, which was listed as such on his SF-95 form; (2) Erwine's SF-95 form does not

mention the Constitution, and (3) Erwine's "due process" issue as described in his form SF-95 relates to the Defendants' failure to provide him with the process to which he was entitled as a post-probationary employee, and breach of that obligation forms the basis for a claim of tortious discharge recognized under Nevada law. (ER-94)

    The United States' argument misapplies the FTCA's minimal exhaustion standard under 28 U.S.C. § 2675(a), which requires only a written statement describing the injury to enable agency investigation and a sum certain for damages. *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (*en banc*); *Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982). Erwine's SF-95 met this standard by describing his injury, i.e. he was terminated, denied a hearing as required for post-probationary employees under the Tribe's rules, and subjected to undisclosed charges of dishonesty, and providing a sum-certain damage amount. (ER-94)

    These details describing his injury enabled the Department of the Interior ("DOI") to investigate the circumstances surrounding Erwine's termination, as evidenced by the DOI's denial letter acknowledging the claim arose from Erwine's termination. "According to the Standard Form 95, this

*Reply Brief* - 2

claim arises from the termination of Claimant from his position as a police officer with the Washoe Tribe of Nevada and California on March 4, 2022" (ER-244-245). Erwine's Amended Complaint clearly pled his FTCA wrongful termination/tortious discharge and bad faith discharge claims against the United States as required (ER-169 and 171, respectively).

The United States argues that "Even at this stage of the proceedings (let alone the administrative level), it is unclear what type of claims Erwine has brought against the United States" (AB 19). This argument was specifically rejected in *Avery*: "Section 2675(a) was not intended to allow an agency to insist on proof of a claim to its satisfaction before the claimant becomes entitled to a day in court. To so hold would permit federal defendants to be judge in their own cause by the initial determination of a claim's insufficiency." *Id.* at 611. The issue before this Court is whether Erwine gave notice of his injury and a sum certain damage amount, not notice of particular claims. "A claim is considered 'presented for purposes of § 2675 when a party files (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Goss v. United States*, 353 F. Supp. 3d 878, 885 (D. Ariz. 2018) quoting *Blair v. Internal Revenue Service*, 304 F.3d 861, 863-64 (9th Cir. 2002).

The United States' reliance on *Blair v. Internal Revenue Service*, 304 F.3d 861 (9th Cir. 2002), is misplaced. In *Blair,* the district court found that Mr. Blair failed to comply with the claim presentation rule by failing to state a sum certain for his entire claim. Id. at 864. This Court determined that there was no adequate presentation of parts of Blair's overall claim, specifically, his medical expenses, and as such no subject matter jurisdiction existed for those unclaimed damages. *Id.* at 869-870. Here, there is no dispute that Erwine made a sum certain damage claim. (ER-94).

The United States' reliance on *Wanjala v. United States, No.*, 10-486-AC, (D. Or. July 22, 2011) WL 4498826, at *2, *3, *8, upholding dismissal of a personal injury suit because the plaintiff's SF-95 included only a property damage claim and not a personal injury claim is also misplaced. Erwine's SF-95 claim states that he claims $15,000,000 for "PERSONAL INJURY" in box "12b" only. (ER-94)

The United States' reliance on *Corey v. McNamara*, 409 F. Supp. 2d 1225, 1228 (9th Cir. 2006), describing that case as "upholding dismissal of a union grievance case because the grievance document did not satisfy the administrative claim presentation requirement," is also misplaced (AB 14). In *Corey*, the plaintiff's claim was dismissed because the Plaintiff had not

*Reply Brief* - 4

invoked or pled the FTCA in his complaint before the district court and also failed to exhaust his administrative remedies, all of which deprived the Court of subject matter jurisdiction. *Id.* at 1227. Here, as the record shows, Erwine did both. (ER-94 and ER 169 and 171).

### *II. Erwine Exhausted His Administrative Remedies Because the Form Described His Injury of Termination and Enabled Investigation of Tort Claims Arising from the Same Incident*

Erwine's SF-95's reference to "the Tribe's disciplinary procedural due process protections" (ER-94) does not limit his claims to constitutional claims, as it describes tribal policies that were violated, such as the due-process provisions applicable to post probationary employees such as Erwine. This provided notice to the DOI of employment related torts like bad faith discharge, recognized under Nevada law, where termination without procedural protections in a special relationship gives rise to bad faith discharge liability. See *Ceballos v. NP Palace, LLC*, 138 Nev. Adv. Op. 58 (2022); *K Mart Corp. v. Ponsock*, 103 Nev. 39, 732 P.2d 1364 (1987).

The United States contends that Erwine's SF-95 did not exhaust remedies for his tort claims because it focused on constitutional due process violations without mentioning refusal to follow unlawful orders or specific

torts, and that Erwine misinterprets the SF-95 as encompassing those claims (AB 16). This analysis is misplaced because, Erwine's SF-95 does not mention the Constitution, but rather, expressly states: "Erwine was a tenured/non-probationary employee and was subject to the Tribe's disciplinary procedural due process protections, which Erwine did not receive." (ER-94).

The FTCA's exhaustion requirement under 28 U.S.C. § 2675(a) has repeatedly been interpreted to require only a description of the injury enabling investigation and sum certain damage claim, not exhaustive elements or the naming of specific theories of liability. *Goodman v. United States,* 298 F.3d 1048, 1055 (9th Cir. 2002); *Avery*, 680 F.2d at 610–11.

Erwine's SF-95 provided such facts to enable an investigation: it stated he had committed no misconduct warranting termination under tribal policies, was given undisclosed charges of dishonesty, and was denied a hearing or opportunity to respond. (ER- 94-97). These details notified the DOI of the injury— i.e. the circumstances surrounding Erwine's termination—and invited inquiry into the grounds for his firing, as the facts that were alleged were sufficient to give notice a claim for bad faith discharge and tortious discharge under Nevada law arising from violating employment terms like disciplinary due processes provisions in an employment contract

governing a non-probationary employee, which Erwine was. See *Martin v. Sears Roebuck & Co.*, 111 Nev. 923, 929, 899 P.2d 551, 555 (1995)("The reason tort damages are appropriate for bad faith discharge is that ordinary contract damages do not adequately compensate, nor do they make the victim whole"(citation omitted)). The Nevada Supreme Court also explained that the duty of care in cases of Bad Faith Discharge as follows:

> Bad faith discharge finds its genesis in Section 205 of the Restatement (Second) of Contracts, which states that: "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."

*Martin v. Sears, Roebuck & Co.*, 899 P.2d at 555 (1995).

The Nevada Supreme Court explained the circumstances in which a Tortious Discharge claim may arise as follows:

> This court has found a sufficient violation of "strong and compelling public policy" to justify a tortious discharge claim when an employer terminated an employee (1) "for refusing to work under conditions unreasonably dangerous to the employee," *D'Angelo*, 107 Nev. at 718, 819 P.2d at 216; (2) for refusing to engage in illegal conduct, *Allum v. Valley Bank of Nev.*, 114 Nev. 1313, 1323, 970 P.2d 1062, 1068 (1998); (3) for filing a workers' compensation claim, *Hansen v. Harrah's*, 100 Nev. 60, 64, 675 P.2d 394, 397 (1984); see also *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 378, 989 P.2d 882, 885-86 (1999); (4) for reporting the employer's illegal activities to outside authorities, *Wiltsie v. Baby Grand Corp.*, 105 Nev. 291, 293, 774 P.2d 432, 433 (1989) (dictum); and (5) for performing jury duty, *D'Angelo*, 107 Nev. at 712, 819 P.2d at 212 (dictum).

*Ceballos v. NP Palace, LLC*, 514 P.3d 1074, 1078 (Nev. 2022)

The source of the duty imposed on tortfeasors for bad faith discharge and tortious discharge arises independently from Nevada law, not just the Constitution. Erwine's claim is not premised, "solely on federal law as the source of duty," as was the case in *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1026 (9th Cir. 2001), where the duty of care arose solely from a federal statute precluding relief under the FTCA, which applies to state law torts.

### III. The District Court's Order Adds Additional Requirements beyond Ninth Circuit Precedent - Dismissal Imposed a Heightened Standard for Exhaustion Inconsistent with Avery and Goodman

The United States asserts that the district court's dismissal aligns with Ninth Circuit precedent, as Erwine's SF-95 did not provide notice of his tort claims, distinguishing cases like *Goodman* and *Avery* (AB 21). This is incorrect, as the district court's Orders (ER-5 and ER-44) required the SF-95 to mention specific torts or detailed elements of claims like refusal to follow unlawful orders, exceeding the minimal standard that a skeletal description of injury and sum certain suffices to enable investigation. *Avery*, 680 F.2d at 611; *Goodman*, 298 F.3d at 1055.

Erwine's SF95 met this standard by claiming termination without misconduct, undisclosed charges of wrongdoing, and denial of hearing, plus intentional infliction of emotional distress, providing express notice of a Nevada tort arising from the incident. (ER-94) The United States' reliance on *Blair,* 304 F.3d 861, fails, again, as Erwine's claims stem from the same termination incident, not a distinct category of a damage claim like in *Blair* where there was a shift from a property claim to personal injury claim was as issue.

*Irish v. United States*, No. 2:13-cv-2201-APG-VCF, 2014 WL 2960300 (D. Nev. June 30, 2014) also supports Erwine's position, as it held that facts that put the agency on notice of the ***injury*** is the relevant inquiry, which Erwine's SF-95 plainly did and the DOI further understood evidenced by its denial letter in response to Erwine's SF95. (ER-244).

The other cases relied on by the United States do not support its position. *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134 (9th Cir. 2010), is inapposite because it involved no claim presentation at all. *Dembeck-Weiss v. United States*, No. CCB-06-3206, 2007 WL 1657418 (D. Md. May 21, 2007), further confirms that facts provided in forms enabling an agency investigation suffice for exhaustion of related tort claims – even if those tort

*Reply Brief* - 9

claims are not mentioned in a submitted SF-95.

The district court ruled that, "Erwine's Form 95 does not sufficiently describe the injuries he alleges" (ER 46). The district court's heightened requirement for labeling specific tort claims or noticing facts that are elements of claims violates the lenient FTCA notice of injury standard. Simply put, Erwine's SF-95 plainly stated that his injury was being "terminated", while further listing the date of his termination as the date of his injury on his SF-95 and then subsequently bringing both a Tortious Discharge and Bad Faith Discharge claim against the United States under the FTCA. (ER-95, 169 and 171). Both of Erwine's claims brought under the FTCA arise out of his injury of being "terminated" as listed on his SF-95. As explained in Goodman, "Goodman was not required to provide HHS with a preview of the details of his federal complaint, nor required to describe in more than minimal detail the factual predicate for his claim." *Goodman v. United States*, 298 F.3d at 1056 (9th Cir. 2002). See also *Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir. 1980)(a claimant is not required to state his legal theory for recovery).

///

//

### *IV. The District Court Abused Its Discretion in Denying Erwine's Motion to Amend/Alter Judgment Because the District Court Failed to Correct Clear Error*

"A Rule 59(e) motion briefly suspends finality to enable a district court to fix any mistakes and thereby perfect its judgment before a possible appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). The United States argues the district court properly denied Erwine's Rule 59(e) motion, arguing that Erwine merely rehashed arguments without showing clear error (AB 24). This overlooks that Rule 59(e) by its terms allows for correction of clear legal errors, and the district court's exhaustion ruling was such an error by imposing requirements beyond the FTCA's minimal notice under 28 U.S.C. § 2675(a). Erwine's motion highlighted the misapplication of *Avery* and *Goodman*, where skeletal claims suffice, and that Erwine's SF-95 provided facts enabling investigation of termination-related torts by describing his injury and demanding a sum certain. (ER-35).

The district court abused its discretion by failing to engage this argument. *Brady v. United States*, 211 F.3d 499 (9th Cir. 2000) (abuse of discretion review for Rule 59(e)).

*Reply Brief* - 11

*Craan v. U.S. Army Corps of Engineers*, 337 F. App'x 682 (9th Cir. 2009), also supports reversal on denial of a FRCP 59(e) motion where there is manifest error in an order. The United States' position ignores that Erwine's motion (ER-35) addressed a distinct error in the exhaustion analysis, i.e. the district court's conclusion that Erwine was required to name claims or elements of claims, warranting relief under FRCP 59(e).

### III. CONCLUSION

For the foregoing reasons, the judgment of the District Court should be reversed, the dismissal of Erwine's amended complaint vacated, and the case remanded for further proceedings consistent with the FTCA.

Date: December 13, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

*Reply Brief* - 12

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

### Certificate of Compliance for Briefs

### 9th Cir. Case Number: 25-3134

This brief contains **2648** words, including words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief complies with the word limit of Cir. R. 32-1.

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

Date: December 13, 2025

*Reply Brief* - 13

## CERTIFICATE OF SERVICE

I certify that on December 13, 2025, this brief was served electronically through the Appellate Electronic Filing System.

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

*Reply Brief* - 14